1 | **GEORGE BEAN LAW**
George H. Bean (SBN 306016)
2 | *george@georgebeanlaw.com*
340 E. 1st Street, #1127
3 | Tustin, CA 92781
Telephone: (714) 904-9338
4 |
Attorney for Plaintiff, Anthony Durney
5 |
6 |
7 |
8 | UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT
9 |
10 | ANTHONY DURNEY, an individual, | CASE NO.
11 |
12 | | **COMPLAINT FOR:**
Plaintiff,
13 | | **VIOLATION OF THE FAIR LABOR STANDARDS ACT**
14 | v.
15 |
16 | AECOM TECHNICAL SERVICES, INC., a California corporation, and DOES 1 through 10, inclusive,
17 |
18 |
Defendants.
19 |
20 | Comes now Plaintiff Anthony Durney who states, alleges, and prays for relief
21 | under the Fair Labor Standards Act as follows:

## I. PARTIES

1. PLAINTIFF ANTHONY DURNEY ("Plaintiff" or "Durney") is, and at all times relevant hereto, was an individual residing in and performing employee services for Defendants in the State of California.

2. DEFENDANT AECOM TECHNICAL SERVICES, INC. ("AECOM" or "Defendants") is, and at all times relevant hereto, was a California corporation, registered in the State of California, authorized to do business in the State of California with its principal place of business in the County of Los Angeles.

3. Plaintiff does not presently know the true names and capacities of defendants named as DOES 1 THROUGH 10, INCLUSIVE. Plaintiff will amend this Complaint setting forth the true names and capacities of these defendants when they are ascertained. Plaintiff is informed and believes and, on that basis alleges, that each of the fictitious defendants has participated in the acts alleged in this Complaint to have been done by the named defendants.

4. Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint-venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, employment and/or joint-employment, with the knowledge and/or consent of their co-defendants, and each of them. Plaintiff is informed and believes that each defendant has authorized and/or ratified the wrongful activities of each of the remaining co-defendants.

COMPLAINT FOR DAMAGES

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant corporation resides in this District by having its principal place of business in Los Angeles County.

## III. NATURE OF THE CASE

7. This is an action brought pursuant to U.S.C. Title 29, known as the Fair Labor Standards Act of 1938 ("FLSA").

8. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, attorney's fees, costs and interest on the unpaid wages.

## IV. STATEMENT OF FACTS

9. Mr. Durney began working for AECOM as MEP Systems QA Inspector, pursuant to an offer letter dated October 11, 2018.

10. He was hired to work on the San Francisco Municipal Transportation Agency Central Subway Project, a public works project.

11. Although his offer letter stated that he was a "full-time exempt employee" AECOM paid Mr. Durney by the hour.

12. Mr. Durney's job duties did not meet the criteria for him to properly be classified as exempt. Beginning with his first paycheck dated November 16, 2018, AECOM paid Mr. Durney an hourly rate, starting at $62.00, for the hours he worked.

COMPLAINT FOR DAMAGES

13. As revealed by his wage statements, AECOM paid Mr. Durney straight-time/regular rate for the overtime hours he worked, in violation of 29 U.S.C. § 207(a)(1).

14. Mr. Durney continued to work for AECOM under these same conditions until his separation from employment on or about August 13, 2020.

## V.  CLAIM FOR RELIEF

15. At all times relevant to this action, Defendants are and were employers under the FLSA, as defined in 29 U.S.C. § 203(d).

16. At all times relevant to this action, Plaintiff was engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 207(a)(1).

17. Defendants willfully paid Mr. Durney less than the statutorily required pay in violation of 29 U.S.C. § 207(a)(1), which requires an employer to compensate their employees at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked in excess of forty hours (40) per workweek.

18. Defendants' willfulness is clearly displayed on Plaintiff's wage statements which all contain a separate line for straight time overtime, delineated as "Overtime St." This pay stub entry, present on all pay stubs where Mr. Durney worked overtime, shows the hours in excess of eighty (80) in a two-week period, but clearly sets the rate at the same rate as the "Regular" pay. Defendants clearly knew that the hours were overtime and blatantly paid for these hours at regular rate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an award to Plaintiff of unpaid overtime wages in an amount to be proven at trial;

2. For liquidated damages in the amount of unpaid overtime pay;

3. For attorneys' fees and costs of this action under 29 U.S.C. § 216(b);

4. For prejudgment interest and post judgment interest as allowed by law; and

5. Any such other and further relief as this Court may deem appropriate and just.

RESPECTFULLY SUBMITTED.

Date: May 6, 2022                              **GEORGE BEAN LAW**

                                               _____
                                               George H. Bean, Attorney for
                                               Plaintiff, Anthony Durney

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by a jury for this action.

Date: May 6, 2022                                **GEORGE BEAN LAW**

_____
George H. Bean, Attorney for
Plaintiff, Anthony Durney